**United States District Court**
For the Northern District of California

1
2
3

**Not For Publication**

4

5        UNITED STATES DISTRICT COURT

6        NORTHERN DISTRICT OF CALIFORNIA

7        EUREKA DIVISION

8

9   BAY AREA PAINTERS AND TAPERS          No. C 10-3969 CRB (NJV)
    PENSION TRUST FUND, et al.,

10                                         **ORDER DENYING CLAIM OF**
            Plaintiffs,                    **EXEMPTION ABOVE STATUTORILY**
11                                         **EXEMPT AMOUNT**

         v.
12                                         (Doc. No. 22)

    ROBERT ALLEN MILLER, JR., individually
13  and dba R.A. MILLER DRY WALL,

14          Defendant.
                                        /
15

16                        **BACKGROUND**

17       The district court referred these post-judgment collections proceedings to this Court pursuant

18  to Local Rule 72-1. *See* Doc. No. 27.

19       Plaintiff Bay Area Painters and Tapers Trust Funds ("Judgement Creditor") entered into a

20  stipulated judgment with defendant Robert Allen Miller, individually and doing business as R.A.

21  Miller Drywall ("Judgement Debtor"). *See* Doc. No. 18. After Judgement Debtor failed to make

22  certain of the payments required under the terms of the stipulated judgment, Judgement Creditor

23  requested and obtained the issuance of a writ of execution in the amount of $92,024.32. Doc. Nos.

24  19, 20. Judgement Creditor served the writ of execution, a notice of levy and a memorandum of

25  garnishee on Bank of America and Judgement Debtor. Doc. No. 24, ¶2. Bank of America returned

26  the memorandum of garnishee to the levying agent (the U.S. Marshall), noting it was "holding

27  $16,555.56 in excess [of the] exempt amount from an account that receives direct deposit of social

28  security public benefits payments. We are unable to determine if all or part of the funds are exempt.

**United States District Court**
For the Northern District of California

1   CCP 704.630." *Id*., Ex. A.  The Bank refused to deliver the funds and has been holding the

2   $16,555.56 "pending further instructions from the levying officer." *Id*. The U.S. Marshall did not

3   serve the returned memorandum of garnishee on Judgement Creditor until "the end of July 2011."

4   Doc. No. 24, ¶3.  On August 19, 2011, Judgement Creditor filed a notice of opposition to the claim

5   of exemption and a notice of hearing on the claim of exemption.  Doc. Nos. 22 & 23.  Judgement

6   Creditor served Judgement Debtor with notice of its opposition to the claim of exemption and of the

7   hearing on the claim of exemption.  Doc. No. 26.  Judgement Creditor also served Judgement Debtor

8   with notice of the new hearing date on the claim of exemption.  Doc. No. 30.

9          The hearing on the claim of exemption took place on October 18, 2011.  Judgement Creditor

10  appeared at the hearing; Judgment Debtor did not.  Having carefully considered the arguments and

11  the papers submitted, and for the reasons provided below, the Court denies the claim of exemption

12  and concludes that Judgement Creditor is entitled to$16,555.56.

13                                              **ANALYSIS**

14         Social Security benefits are exempt from enforcement of money judgments.  42 U.S.C. §407.

15  California law, which applies to the enforcement and collection of judgments in this Court[1], provides

16  safeguards to prevent the levy of exempt funds.  Thus, payments authorized by the Social Security

17  Administration ("SSA") that are directly deposited by the government into a deposit account are

18  *automatically* exempt up to $2,875.  *See* Cal. Code Civ. Proc. §704.080(b)(2) (where payments are

19  made to only one depositor).  Amounts in excess of $2,875 in the same deposit account may also be

20  exempt if the debtor can demonstrate they consist of payments authorized by the SSA.  *Id*.,

21  §704.080(c).  A bank holding a deposit account that contains exempt funds must, when the account

22  is levied upon, either place the amount that exceeds the exemption in a suspense account or

23  otherwise prohibit withdrawal of that amount pending notification of the failure of the judgment

24  creditor to file a required affidavit opposing the claim of exemption or judicial determination of the

25

26         [1]  A district court has the power to enforce a money judgment according to the practice and
27  procedure of the state in which it sits.  Fed. R. Civ. P. 69(a); *see also Credit Suisse v. United States District Court*, 130 F.3d 1342, 1344 (9th Cir. 1997) (enforcement of judgment proceedings in this court must comply with California law); *Carnes v. Zemani*, 488 F.3d 1057, 1060 (9th Cir. 2007) (unless a
28  federal statute applies Rule 69(a) requires district courts to apply state law in "proceedings supplementary to and in aid of a judgment").

**United States District Court**

For the Northern District of California

1  exempt status of the account. *Id*., §704.080(d).  The judgment creditor must file the affidavit

2  opposing the claim of exemption "within five days after the levying officer serves the notice on the

3  judgment creditor." *Id*., §704.080(e)(1) (if the levying officer served the notice by mail, the five day

4  deadline is extended to ten days by operation of Cal. Code Civ. Proc. §684.120(b)(1) (Legislative

5  Committee Comment)).  If the judgment creditor timely opposes the notice of exemption, the

6  judgment debtor bears the burden of proving that the amount over $2,875 is exempt at a hearing

7  before the Court. *Id*., §704.080(e)(4).  If, however, the judgment creditor does not timely oppose the

8  notice of exemption, "the levying officer shall release the deposit account and notify the financial

9  institution." *Id*., §704.080(e)(2).

10       The Judgement Creditor did not timely serve its notice of opposition to the claim of

11  exemption.  Judgement Creditor declares that Bank of America returned the memorandum of

12  garnishee – which functions as a notice of claim of exemption – to the levying officer (the U.S.

13  Marshall) on or about July 1, 2011, but "[t]he Memorandum was not served on Plaintiffs' counsel by

14  the U.S. Marshall until the end of July 2011." Doc. No. 24, ¶3.  Even if the levying officer served

15  notice of the memorandum of garnishee by mail, the deadline for filing the notice of opposition

16  imposed by section 704.080(e)(1) expired well before August 19, 2011 when Judgement Creditor

17  filed its notice of opposition.  Pursuant to the statute, at the expiration of the ten-day period, the

18  levying officer should have released the deposit account and notified Bank of America of Judgment

19  Creditor's failure to oppose the claim of exemption. *Id*., §704.080(e)(2).[2]

20       During the hearing, counsel for Judgment Creditor acknowledged the notice of opposition

21  was not timely filed, and represented to the Court that the U.S. Marshall nonetheless had not

22  released the funds pursuant to the statute.  According to counsel, Bank of America continues to hold

23  the funds and waits for further direction from the levying officer.  If the U.S. Marshall has not

24  released the funds, the Court concludes that it may decide the claim of exemption on the merits

25  despite the untimely filing of the notice of opposition.  Judgement Creditor gave Judgement Debtor

26  _____

27     [2] That Judgement Debtor has not served a claim of exemption "as required by the California Code of Civil Procedure §703.520" (Doc. No. 24, ¶5) is irrelevant, as section 704.080 explicitly supplants "Article 2 (commencing with Section 703.510)," including section 703.520, which Judgement

28  Creditor invokes.  It was Judgement Creditor's burden to file an opposition to the claim of exemption – not Judgement Debtor's to affirmatively file a claim of exemption for the remaining funds.

1   notice of the hearing and notice of the continued hearing, but Judgement Debtor did not appear at

2   the hearing to assert the funds were exempt.  Judgement Debtor also did not file a claim of

3   exemption or take any action suggesting that the excess amount was exempt.  Because no evidence

4   has been offered by Judgement Debtor to support a claim for exemption on the excess funds, the

5   Court concludes that Judgement Creditor is entitled to $16,555.56, the funds in the deposit account

6   that are in excess of the statutorily exempted account.

7

8   **IT IS SO ORDERED.**

9

10   Dated:  October 18, 2011

11   NANDOR J. VADAS
     United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

4